IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ULYSESS MOSLEY, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| STATE OF GEORGIA et al., | : | CIVIL ACTION NO. |
| Respondents. | : | 1:16-CV-2055-TWT-LTW |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner is confined at the Gwinnett County Jail in Lawrenceville, Georgia (the "Jail"). Petitioner, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 3.) Petitioner also seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 4.)

Petitioner states that he has been confined at the Jail since February 2014. (Doc. 3 at 1.) Petitioner's criminal case is pending before the Superior Court of Gwinnett County. (*Id.*)

Petitioner contends in his petition that the indictment in his criminal case is invalid for several reasons. (*Id.* at 4-5, 7-8.) Those reasons are that the indictment was improperly amended, the amended indictment lists a grand jury witness who has no personal knowledge of the case, the indictment is based on incompetent and insufficient evidence, and the indictment was not returned in open court. (*Id.*)

Petitioner asks this Court to dismiss the indictment and to order a new grand jury hearing at which new evidence is presented. (*Id.* at 6.)

Petitioner states that some of his claims "were not presented in state court" because he only recently obtained the information supporting the claims. (*Id.* at 5, 8.) Petitioner presented the other claims to only the superior court presiding over his criminal case. (*Id.* at 1-2.) Petitioner has not presented his claims to any other state court. (*Id.*)

Those in state custody, including pre-trial detainees, must exhaust all available state remedies before seeking habeas relief in federal court. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) ("[Section] 2254 merely codified judge-made restrictions on issuing the writ of habeas corpus as authorized under § 2241."); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) (noting that the exhaustion requirement "was codified in 28 U.S.C. § 2254(b), but . . . applies to all habeas corpus actions"). A federal court may not grant a petition for a writ of habeas corpus unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

2

There are available remedies under state law for Petitioner to challenge the allegedly invalid indictment in his criminal case. Those remedies include filing in the superior court a motion to dismiss the indictment, appealing any adverse ruling to a state appellate court, filing a petition for a writ of habeas corpus in state court, and filing a petition for a writ of mandamus in state court.[1] *See* O.C.G.A. §§ 5-6-36(a), 5-6-38(a) (appeals to higher courts); O.C.G.A. § 9-14-1(a) ("Any person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus [from Georgia courts] to inquire into the legality of the restraint."); O.C.G.A. § 9-6-20 (mandamus). Petitioner must present to the state courts his challenge to his indictment and give those courts a "full and fair opportunity to resolve" that challenge before he can seek relief in federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). That includes filing an appeal in the state appellate courts of any adverse ruling on a state habeas or mandamus petition and obtaining a ruling from the appellate court. *See id.*

---

[1] Petitioner states that the superior court denied a motion in May 2016, but he does not identify the motion. (Doc. 3. at 1.) In any event, Petitioner admits that this Court is the only other court in which he has sought relief. (*Id.* at 2.)

Petitioner has not exhausted those available state remedies. (Doc. 3.) Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion and that a certificate of appealability be **DENIED**. Because Petitioner's IFP application demonstrates that he cannot pay the five-dollar filing fee for this case, (Doc. 4), the Court **GRANTS** him leave to proceed IFP.

**SO ORDERED & RECOMMENDED** this 28 day of July, 2016.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE